**James H. ILER, Plaintiff,**

v.

**A.O. SMITH CORPORATION, Defendant.**

**Civ. No. 83–3098.**

United States District Court, S.D. Illinois.

March 1, 1984.

Norvan E. Adams, Fairview Heights, Ill., for plaintiff.

Eric Robertson, Edward C. Fitzhenry, Jr., Lueders, Robertson & Konzen, Granite City, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court are cross-motions for summary judgment. Plaintiff filed this action pursuant to § 1132 of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, alleging defendant's denial of disability benefits was arbitrary and capricious. In an Order dated October 24, 1983, the Court found that its review of this case is limited to the record as it was presented to the defendant, thereby rejecting plaintiff's argument that he is entitled to a *de novo* hearing. The record below has been supplied by the defendant and the

Court has heard oral argument on the positions of the parties.

## I.

The plaintiff, James H. Iler, a fifty-two year old male, was employed by A.O. Smith Corporation from October 21, 1954 to October 30, 1980. Plaintiff is a beneficiary under a pension plan known as the A.O. Smith Corporation, Granite City Plant Industrial Pension Agreement entered into between A.O. Smith Corporation and the United Automobile, Aerospace and Agricultural Implement Workers of America. Plaintiff applied for a disability pension on or about December 6, 1981.

Plaintiff's burden to establish his eligibility for disability benefits under the Pension Agreement is very heavy. Unlike disability under the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A) which defines disability as the inability to engage in gainful employment for one year, the Pension Agreement demands total and permanent disability. The definition of disability is found in Section 1.1(m) of the Agreement:

> *Total and Permanent Disability:* Total disability caused by bodily injury or disease, physical or mental, or both sufficient to prevent the Employee from engaging in any regular occupation or remuneration or profit, *which disability will be permanent and continuous during the remainder of the employee's life; ....* (Emphasis added).

The medical evidence supporting plaintiff's claim was supplied exclusively by his treating physician, Dr. Eric Lehr. In a letter dated March 31, 1981, Dr. Lehr stated plaintiff had a large ulcer on the bottom of his left foot with early gangrene present. X-rays of the foot revealed chronic osteomyelitis. Dr. Lehr also stated plaintiff suffered from hypertension, diabetes mellitus and obesity. On April 30, 1981, Dr. H. James Hamm, the Corporate Medical Director for defendant wrote a report to the retirement committee based on Dr. Lehr's letter. He stated: "Although Mr. Iler's present condition has been going on for almost two years, I feel it is premature to make any judgment regarding total and permanent disability." On May 21, 1981, the Retirement Committee met and denied plaintiff's claim based on Dr. Hamm's recommendation.

On June 22, 1981, plaintiff wrote to defendant stating he wanted to appeal the denial of his claim. Under defendant's procedures, an appeal amounts to a request for a reconsideration based on additional medical evidence. On September 14, 1981, Dr. Lehr sent another letter in which he stated:

> Please be advised that after treatment of an ulceration of the bottom of his left foot since 1979, Mr. Iler's foot has not yet healed. Mr. Iler weighs 301 pounds. He is a diabetic; he is receiving regular treatment for hypertension. His blood pressure as of September 4, 1981 was 170/90 with medication. Pulsations in feet are poor. Mr. Iler is walking mostly on his left heel due to chronic osteomyelitis of the fifth metatarsal bone of his left foot. As far as I can see, Mr. Iler is not able to work.
>
> On the basis of the following findings; (hypertension; severe diabetes; obesity; chronic osteomyelitis; and extremely poor education) I find Mr. Iler permanently disabled.

On September 25, 1981, Dr. Hamm reviewed this letter and agreed that plaintiff was disabled at that time. Nevertheless, he concluded that since osteomyelitis and obesity are treatable conditions, plaintiff was only temporarily disabled, and thus outside the company's definition for total and permanent disability. On October 26, 1981, the Retirement Committee denied plaintiff's claim based on Dr. Hamm's recommendation.

On January 13, 1982, Dr. Lehr sent to defendant a third letter. He essentially indicated that plaintiff's condition had not changed. However, he did characterize plaintiff's diabetes and obesity as severe and his hypertension as essential. He again stated that plaintiff was permanently disabled and he opined that because plaintiff had only minimal education he was not

trainable for a sedentary occupation. On February 4, 1982, Dr. Hamm filed another report stating that even if plaintiff's chronic infection in his left foot would ultimately lead to amputation, plaintiff could be placed in a work situation. On February 22, 1982, the Retirement Committee again adopted Dr. Hamm's recommendation and denied plaintiff's claim. On April 26, 1982, Dr. Lehr sent a final letter at the request of plaintiff's newly retained attorney. This letter merely reiterated what Dr. Lehr had stated earlier except in this letter he stated plaintiff was a candidate for amputation of part of his left foot and that his diabetes mellitus was under control. Defendant did not reconsider plaintiff's claim upon receipt of this letter and this action followed.

At no time did plaintiff receive a hearing on his claim. Also despite repeated requests, defendant never sent plaintiff to a physician for an independent evaluation. A review of the record indicates that the plan does not provide for a formal hearing. Further, the Retirement Committee does not request an independent medical exam except when directed to by Dr. Hamm in order to clarify medical evidence.

## II.

As stated above, the Court's inquiry in this action is limited to whether defendant's denial of benefits in this case was arbitrary and capricious. *Wardle v. Central States*, 627 F.2d 820, 823–24 (7th Cir. 1980). Review under this standard is narrow and the Court must determine whether defendant's decision was based upon a consideration of the relevant factors and whether in light of the record as a whole defendant committed a clear error in judgment. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 285, 95 S.Ct. 438, 441, 42 L.Ed.2d 447 (1974). Other factors to be considered by the Court is whether defendant's decision is irrational or not supported by substantial evidence. *Odom v. United Mine Workers of America*, 687 F.2d 843 (6th Cir.1982); *Bickel v. Long Term Disability*

*Plan of West Elec.*, 541 F.Supp. 685, 687 (E.D.Pa.1982).

A review of the record in light of the arbitrary and capricious standard mandates a decision in favor of defendant. It cannot be disputed that the Retirement Committee focused on the relevant issues. The contract clearly states that disability must be total and permanent, and defendant's denial was based on insufficient evidence of permanency. The record before the Committee contains three reports of Dr. Hamm stating, in effect, that even if plaintiff suffered from all the ailments he claimed, he could not be permanently disabled because some of his ailments were treatable. The Court finds that it is rational for the Retirement Committee to prefer Dr. Hamm's medical opinion over that of Dr. Lehr.

Plaintiff raised two arguments at the motion hearing which require discussion. First, plaintiff relies on *Maggard v. O'Connell*, 671 F.2d 568, 570–71 (D.C.Cir.1982), for the proposition that the traditional arbitrary and capricious standard is inappropriate when private trustees, who have a duty to preserve the corpus of a trust, deny claims for benefits. In *Maggard* the Court held that the arbitrary and capricious standard must be contextually tailored and more exacting scrutiny is required when for some reason the presumption of tribunal regularity is rebutted. *Id.* at 571. In this case, however, there has been no showing that the traditional deference should not be afforded defendant's decision to deny benefits. Plaintiff argues Dr. Hamm's medical opinion is compromised by the fact that he is an employee of defendant. The Court is cognizant of this relationship, as it is of Dr. Lehr's relationship to plaintiff as treating physician. Nonetheless, plaintiff has not attempted to show Dr. Hamm has been guilty of undue bias and inconsistent judgments in the past.

Secondly, plaintiff argues that the arbitrary nature of defendant's decision is revealed by their failure to grant plaintiff a hearing. This argument is without merit. Plaintiff does not argue that he has a right

to a hearing under the Plan and the Court is not convinced defendant abused its discretion in denying a hearing in this case. Plaintiff has the burden of showing he is permanently disabled. Defendant was unconvinced because obesity and osteomyelitis are treatable conditions. Even though defendant made its position crystal clear, plaintiff presented no evidence as to why Dr. Hamm's reasoning was wrong. The only reference to the issue of permanency in Dr. Lehr's four letters are his conclusory statements that plaintiff's condition is permanent and his opinion that a man of plaintiff's age and education cannot be trained for sedentary work. The Court finds that it is rational for defendant to reject Dr. Lehr's conclusory statements in light of Dr. Hamm's opinion that plaintiff's ailments by their nature are treatable, and there is no indication that plaintiff's age and education are relevant factors under the Plan.

Based on the reasoning set out above defendant's Motion for Summary Judgment is hereby GRANTED and plaintiff's Motion for Summary Judgment is hereby DENIED. The Clerk of the Court is hereby ORDERED to enter judgment for defendant and against plaintiff.

IT IS SO ORDERED.